IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01144-CMA-CBS

BARI RAE MASSE,

    Plaintiff,

    v.

ERIC H. HOLDER, JR., Attorney General, U.S. Department of Justice,

    Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

    This matter comes before the court on a Stipulated Motion for a Protective Order. Plaintiff's First Request for Production of Documents pursuant to Fed. R. Civ. P. 34, requests that the Defendant produce a copy of all files maintained under the name William Williams, a former employee of the Defendant, including his Official Personnel File, disciplinary files, investigative files, and supervisory files.  Defendant objects to disclosing these documents, asserting that disclosure without a court order could be a violation of the Privacy Act "No Disclosure Without Consent" rule.  5 U.S.C. § 552a(b). In an effort to resolve this discovery dispute, the parties have submitted a Stipulated Motion for a Protective Order and this Stipulated Protective Order.  The Court having considered this matter, finds that the requested discovery could lead to the discovery of admissible evidence because Mr. Williams is the individual who is alleged to have harassed Plaintiff.  Therefore, the Court HEREBY ORDERS:

1.	Pursuant to 5 U.S.C. § 552a(b)(11), Defendant is ordered to provide Plaintiff's counsel responsive documents regarding William Williams by the response due date of October 31, 2011.

2.	Pursuant to Fed. R. Civ. P. 26(c), documents released to Plaintiff's counsel pursuant to this order shall not, without the consent of Defendant's counsel or order of the Court, be further disclosed except to:

(a)	attorneys actively working on this case;

(b)	persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by such attorneys in the preparation for trial, trial, or at other proceedings in this case;

(c)	Plaintiff;

(d)	expert witnesses and consultants retained in connection with this proceeding to the extent such disclosure is necessary for their expert opinions, trial testimony, or other proceedings in this case;

(e)	the Court and its employees ("court personnel");

(f)	stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; and,

(g)	other persons by written agreement of the parties.


5.	Prior to disclosing any documents pursuant to this Protective Order to any person listed above (other than counsel, persons employed by counsel, the Court, court

personnel and stenographic reporters), Plaintiff's counsel shall provide such person(s) with a copy of this Protective Order and obtain from such person(s) a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court.

6. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been provided pursuant to this Protective Order, shall be returned to Defendant's counsel.

7. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED at Denver, Colorado, this 28th day of October, 2011.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

The parties, by their respective attorneys, agree and stipulate to the entry of this PROTECTIVE ORDER.

| | |
|---|---|
| s/Mark S. Bove | s/William G. Pharo |
| *Mark S. Bove* | *William G. Pharo* |
| 730 17th St., Suite 635 | Assistant United States Attorney |
| Denver, CO 80202 | 1225 Seventeenth St., Suite 700 |
| (303) 393-6666 | Denver, CO 80202 |
| msbove@aol.com | (303) 454-0100 |
| | william.pharo@usdoj.gov |
| | |
| Attorney for Plaintiff | Attorney for Defendant |